IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

ELLIOTT J. SCHUCHARDT,

     Plaintiff,

v.

STATE OF TENNESSEE, SANDRA
GARRETT, ANDREW B. CAMPBELL,
and the TENNESSEE BOARD OF
PROFESSIONAL RESPONSIBILITY,

     Defendants.

Case No. _____

JURY TRIAL DEMANDED

## COMPLAINT

The Plaintiff, Elliott J. Schuchardt, files this complaint against the State of Tennessee, Sandy Garrett, Andrew B. Campbell, and the Tennessee Board of Professional Responsibility. In support hereof, the Plaintiff states as follows:

### Parties & Jurisdiction

1. Plaintiff, Elliott J. Schuchardt, is an adult individual residing at 8033 Ellisville Lane, Knoxville, TN 37909.

2. Defendant, State of Tennessee, is a political subdivision of the United States of America (the "State"). The attorney general for the State of Tennessee maintains an office at John Sevier State Office Building, 500 Charlotte Ave, Nashville, TN 37219.

3. Defendant, Sandra Garrett, is the senior staff attorney for Defendant Tennessee Board of Professional Responsibility. Garrett maintains an office at Tennessee Board of Professional Responsibility, 10 Cadillac Drive, Suite 220, Brentwood, TN 37027.

4. Defendant, Andrew B. Campbell, is a staff attorney at Defendant Tennessee Board of Professional Responsibility. Campbell maintains an office at Tennessee Board of Professional Responsibility, 10 Cadillac Drive, Suite 220, Brentwood, TN 37027.

5. Defendant, Tennessee Board of Professional Responsibility, is an agency of the State of Tennessee. The Board maintains an office at 10 Cadillac Drive, Suite 220, Brentwood, TN 37027.

6. The Plaintiff is asserting jurisdiction in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201-2202.

Background

7. The Plaintiff, Elliott Schuchardt, is a 1993 graduate of Columbia Law School. He has practiced law for twenty-nine years.

8. During the past ten years, Schuchardt has focused his practice on civil liberties work. During this time, Schuchardt has litigated cases against the federal government alleging unlawful bulk collection of e-mail; the National Rifle Association, in a suit alleging fraud in the solicitation of donations; and Sweet Briar College, in a lawsuit alleging the improper closing of the school.

9. Between 2017 and 2022, Schuchardt defended a case against two senior government officials in Knox County, Tennessee.

10. Defendant Sandra Garrett is using her position with the Tennessee Board of Professional Responsibility (the "Board") to retaliate against Schuchardt for his defense of the case against such officials.

11. Since 2018, Garrett has used her position with the Board to file dozens of baseless and frivolous claims against Schuchardt.

12. Garrett is doing so under color of state law, in violation of the due process clause of the 14th Amendment.

13. Her actions also violate Tennessee state law, which makes it unlawful to file lawsuits as an abuse of civil process.

14. Upon information and belief, Defendant Garrett has a history of engaging in abusive conduct.

15. Over the past fifteen years, numerous Tennessee-licensed attorneys have filed lawsuits against Garrett and/or the Board, alleging *unlawful political retaliation*.[1]

16. Garrett's *modus operandi* in these political cases is to fabricate a frivolous "violation" against the respondent attorney, in order to damage the attorney's reputation and license to practice law.

17. Specifically, Garrett will file a complaint that does *not* include all of the required elements of the cause of action.

18. She will also file a complaint where there was no delay or damages incurred by any party. Garrett will then loudly claim "violation," "violation," -- even though she cannot prove negligence, which requires proof of damages.

---

[1] See, e.g., Choosing Justice Initiative v. Bd. of Prof. Responsibility, Case No. 3:20-cv-00745 (M.D. Tenn. 2020) (alleging unlawful retaliation by the Board after attorney Carol Deaner sought to change the court-appointed system for public defenders); Manookian v. Flippin, Case No. 3:19-cv-00350 (M.D. Tenn. 2019) (alleging unlawful retaliation by the Board after attorney Manookian made a complaint regarding a state court judge); Sallee v. Bd. of Prof. Responsibility, Case No. 3:15-cv-5 (E.D. Tenn. 2015) (alleging unlawful retaliation by the Board after attorney Sallee filed a successful lawsuit against the Knox County District Attorneys Office); Moncier v. Jones, Case No. 3-12-cv-00145 (M.D. Tenn. 2012) (alleging unlawful retaliation in violation of 42 U.S.C. § 1983); Welch v. Garrett, Case No. 2:09-cv-10 (E.D. Tenn. 2009) (alleging unlawful retaliation by the Board pursuant to 42 U.S.C. § 1983); Danner v. Board of Prof. Responsibility, Case No. 3:08-0651 (M.D. Tenn. 2008) (alleging unlawful retaliation by the Board after attorney Danner published an opinion in the Nashville City Paper critical of the system for selecting state judges). See also Cody v. Board of Prof. Responsibility, Case No. 2:13-cv-02108 (W.D. Tenn. 2013) (suit alleging violation under 42 U.S.C. § 1983; proceedings sealed); Morgan v. Board of Prof. Responsibility, Case. No. 3-21-cv-00274 (M.D. Tenn. 2022) (alleging unlawful retaliation by persons working at the Board after Morgan made statements on Twitter).

19. According to the complaining attorneys, Garrett and/or her predecessor, Nancy Jones, have engaged in the following unlawful conduct:

   a. Malicious prosecution by means of repeated, baseless and frivolous "ethics" complaints. (Danner, Sallee, Welch, Moncier, Manookian).

   b. Actively soliciting false complaints for use against the respondent attorney. (Danner, Sallee).

   c. Retaliation against the respondent attorney for engaging in protected political speech. (Sallee, Moncier, Manookian).

   d. Using state offices to slander the respondent's reputation or to portray the respondent in a false light. (Sallee, Manookian).

   e. Improper communication with hearing panels, to affect the outcome of the hearing. (Welch, Moncier).

   f. Threats and harassment against counsel for the respondent attorney. (Sallee, Moncier).

   g. Falsification and/or destruction of evidence. (Sallee).

   h. Failure to train hearing panels to apply due process. (Moncier).

   i. Repeated violation of the rules of due process and the 14th Amendment. (Sallee, Welch, Moncier).

   j. Granting *de facto* immunity to political allies. (Sallee, Welch).

   k. Self-dealing to force the respondent attorney to change their legal position on unrelated matters. (Sallee).

20. Garrett's conduct is extremely dangerous, and is a threat to free speech in the State of Tennessee.

21. Many of the attorneys that have filed lawsuits allege that Garrett and/or the Board are retaliating against them for engaging in protected speech. For example:

4

  a.  Yarboro Sallee alleged unlawful retaliation after Sallee ran for District Attorney General and criticized certain state politicians.

  b.  David Danner alleged unlawful retaliation after he published an opinion in the Nashville City Paper criticizing the state's system for selecting judges.

  c.  Carol Dawn Deaner alleged unlawful retaliation after she criticized Tennessee's appointed counsel system.

  d.  Brian P. Manookian alleged unlawfully retaliation after he filed suit against a senior state official.

## The attorney disciplinary system in Tennessee is rife with conflicts of interest. Garrett has *regulatory authority* over the persons approving her actions.

22. Garrett is able to get away with these abuses because the present attorney disciplinary system in Tennessee is rife with conflicts of interest.

23. These conflicts violate the due process clause of the 14th Amendment of the United States constitution.

24. More specifically, the Tennessee disciplinary system does not provide for a trial by a *neutral decision-maker*, as required by the 14th Amendment.

25. This is due to flaws in the way the system is set up.

26. According to the Tennessee Rules of Disciplinary Enforcement, the Board consists of twelve persons: at least nine attorneys, one non-attorney, and two other "public members" (who may or may not be attorneys). Tenn. R. Discip. Enf. 4.1 (2022).

27. As of 2022, the Board consists of nine Tennessee-licensed attorneys and three non-attorneys.

28. *In other words, three-quarters of the members of the Board are Tennessee-licensed attorneys subject to Defendant Garrett's review and regulatory power*.

29. This creates a *conflict of interest* on the part of a majority of the Board.

30. Such members -- as attorneys -- have an economic incentive to *approve* Defendant Garrett's requests to authorize lawsuits, in order to stay in favor with Garrett. If such persons approve Garrett's requests, then they are more likely to obtain *de facto* immunity from Garrett's regulatory authority.

31. This explains why Defendant Garrett is able to file serial complaints against the attorneys that she targets. If there were actually a problem, a single complaint would be sufficient. However -- in the political cases -- there is not a problem with the attorney's work. Defendant Garrett *creates* the problem by filing dozens of baseless and frivolous claims against the respondent attorney.

32. For example, Garrett has filed at least *five complaints* against Schuchardt -- even though Schuchardt practiced law for more than twenty-five years without any problem from any regulatory authority. Not one of these complaints alleges a penny of loss or a day of delay.

33. The system is even more pernicious when it is applied to the members of the hearing panels. This is because the hearing panels have the ability to exclude evidence, and constitute the primary fact-finder under the existing system.

34. The members of the hearing panels are similarly-conflicted.

35. According to the rules, each panel consists of three *Tennessee-licensed attorneys*. Tenn. R. Discip. Enf. §2 (2022).

36. In other words, <u>*100% of the hearing panel members are subject to Garrett's supervision and regulatory power*</u>. Such persons -- as attorneys -- have an economic incentive to seek Garrett's approval, to avoid regulatory scrutiny and possible attacks on their licenses in the future. As a result, the members of the hearing panels have an economic incentive to approve Garrett's requests for action against the respondent attorney.

37. The existing system denies the respondent attorney a neutral hearing panel, and allows Garrett discretion to file endless false and frivolous claims.

## Defendant Garrett is using the conflicts in the system to cover up her office's fabrication of evidence.

38. These conflicts of interest are extremely dangerous, and pernicious to the administration of justice in Tennessee.

39. For example -- in Schuchardt's case -- Schuchardt has alleged that Garrett and her associate, staff attorney Andrew Campbell, have fabricated evidence.

40. There is an appearance that Garrett is using her regulatory authority over the hearing panel in Schuchardt's case to conceal the fabrication of evidence.

41. The hearing panel in Schuchardt's case has denied Schuchardt the opportunity to take discovery regarding the alleged fabricated evidence.

42. The hearing panel also entered an order preventing Schuchardt from contradicting Garrett and Campbell's evidence, by means of his own testimony, documents, or independent witnesses.

43. When Schuchardt sought discovery through state court, the hearing panel entered a default judgment against Schuchardt on that issue, which further quashed any sort of review. The panel also recommended that Schuchardt immediately be suspended from practicing law in Tennessee. The combined effect of the hearing panel's orders is to quash any effective review of the alleged fabricated evidence.

44. There is an appearance that the members of the hearing panel have approved these orders to protect their own licenses to practice law, by ruling in favor of Defendants Garrett and Campbell.

45. Clearly, the present system does not work. The economic conflicts of interest are controlling the outcome, and permitting egregious conduct by Defendants.

46. Given the lack of due process, Tennessee's current system could easily be used to attack racial and ethnic minorities.

### There is a better system. Appoint non-lawyers to the board and hearing panels from other branches of government.

47. There is a better system. Due process can be provided by ensuring that a majority of the Board and panel members are *not* attorneys subject to Garrett's regulatory authority.

48. Ideally, two-thirds of such persons should be appointed by non-judicial branches of government, such as the Tennessee legislature and the Tennessee governor.

49. Tennessee recently adopted such a system for reviewing the conduct of state court judges.

50. Under the old system, the judges judged themselves, and the system didn't work.

51. Under the new system, adopted on July 1, 2019, the Tennessee Board of Judicial Conduct consists of a majority of persons *appointed by non-judicial branches of government*.

52. As presently constituted, the judicial review board in Tennessee consists of sixteen members. Five are appointed by the four judicial conferences in the state; four are appointed by the Speaker of the House of Representatives; four are appointed by the Speaker of the Senate; two are appointed by the Governor; and one is appointed by the Tennessee Supreme Court. In other words, ten of the sixteen members are appointed by either the legislative or executive branches of government.

53. As presently constituted, eight of the board members are current or former judges, six are neither current or former judges or attorneys, and two are attorneys.

54. So far, this system seems to be working better for monitoring the conduct of state court judges.

55. It is necessary to adopt a similar system to ensure that attorneys are not targeted for engaging in protected speech.

## COUNT I

## INTENTIONAL TORT

### Injunctive Relief

56. The Plaintiff incorporates the foregoing allegations as though fully set forth herein.

57. Defendant Garrett is using her employment with the State of Tennessee to engage in an unlawful harassment campaign against Schuchardt.

58. Since 2018, Garrett has filed five petitions against Schuchardt, in her effort to unlawfully damage Schuchardt's reputation.

59. All of those petitions are frivolous and consist of fabricated "violations" of the rules of ethics.

60. Defendant Garrett is using the present system to engage in a wide variety of intentional torts against Schuchardt. Those intentional torts are as follows:

   a. Malicious prosecution by means of repeated, baseless and frivolous "ethics" complaints.

   b. Actively soliciting false complaints for use against Schuchardt.

   c. Retaliation against the Schuchardt for engaging in protected speech.

   d. Using her state office to slander Schuchardt's reputation and to portray him a false light.

   e. Appearance of improper communication with hearing panels.

    f.    Falsification of evidence.

    g.    Failure to train hearing panels to apply due process.

    h.    Repeated violation of the rules of due process and the 14th Amendment.

61. Garrett has not alleged a penny of loss on the part of any of Schuchardt's clients, nor a day of delay in any of Schuchardt's cases. Nevertheless, under the present system, she has been able to harass Schuchardt for literally years.

62. Defendant Garrett is doing so in order to retaliate against Schuchardt for defending a case against two senior government officials in Knox County, Tennessee.

63. Defendant Andrew Campbell is a staff attorney working with Garrett. Campbell is actively assisting Garrett in the harassment campaign by knowingly filing false claims against Schuchardt.

64. Defendants Garrett and Campbell are able to engage in this conduct due to conflicts of interest in the system.

65. A majority of the members of the Board and all of the members of the hearing panel in Schuchardt's case have a conflict of interest. Such persons are subject to Defendant Garrett's regulatory authority, and therefore have an economic incentive to approve her requested actions against Plaintiff Schuchardt.

66. Schuchardt has incurred damages as a result of Defendants' willful abuse of office. Such damages include, without limitation, the following:

    a.    Loss of hundreds of hours of productivity, responding to Garrett's frivolous pleadings.

    b.    Loss of hundreds of thousands of dollars of legal fees and income, due to Garrett's frivolous and meritless pleadings and her attacks on Schuchardt's reputation.

c. Damage to Schuchardt's reputation.

d. Interference with Schuchardt's license to practice law.

67. Defendants' conduct violates Tennessee state law and the 14th Amendment of the United States constitution.

68. Pursuant to the Declaratory Judgment Act, this Court has authority to issue a declaratory judgment finding that Defendants' conduct violates the 14th Amendment of the United States constitution, as a violation of due process and Tennessee state law. 28 U.S.C. §§ 2201-2202 (2022).

WHEREFORE, Schuchardt respectfully requests that this Honorable Court enter an order (a) finding that Defendants have violated Tennessee state law and the due process clause of the 14th Amendment in their case against Schuchardt, and (b) enjoining Defendants from taking any further action against Schuchardt's license to practice law in the state of Tennessee.

## COUNT II

## FABRICATION OF EVIDENCE

### Injunctive Relief

69. The Plaintiff incorporates the foregoing allegations as though fully set forth herein.

70. State employees Garrett and Campbell have filed pleadings contending that Schuchardt "falsely reported" to the Board that Dustin Welsh was a witness at a conservatorship hearing held on November 9, 2020, in the Chancery Court for Anderson County, Tennessee.

71. Schuchardt attended the hearing on November 9, 2020, and has a memory of Dustin Welsh being present at the hearing.

72. Defendants Garrett and Campbell have fabricated evidence regarding the whereabouts of Dustin Welsh on November 9, 2020.

73. There is an appearance that Defendants Garrett and Campbell are using their regulatory authority over the members of Schuchardt's hearing panel to conceal their fabrication of evidence.

74. The hearing panel has entered orders preventing Schuchardt from obtaining material information regarding the whereabouts of Dustin Welsh on November 9, 2020. Specifically, the Hearing Panel has entered orders:

    a. Prohibiting Schuchardt from taking depositions of witnesses having knowledge of the whereabouts of Dustin Welsh on November 9, 2020.

    b. Prohibiting Schuchardt obtaining documents relating to the whereabouts of Dustin Welsh on November 9, 2020.

    c. Prohibiting Schuchardt from calling witnesses in connection with the whereabouts of Dustin Welsh on November 9, 2020.

    d. Prohibiting Schuchardt from testifying in connection with the whereabouts of Dustin Welsh on November 9, 2020.

    e. Granting judgment for the State on this issue, without taking any evidence on the issue whatsoever.

75. After Schuchardt sought such evidence through the Knox County Circuit Court, the Hearing Panel entered an order recommending that Schuchardt be immediately suspended from practicing law in the State of Tennessee.

76. There is an appearance that the hearing panel has entered such orders because the members of the panel are subject to economic and regulatory pressure from Defendants. All three panel members are subject to Defendant Garrett's regulatory authority, as Tennessee-licensed attorneys.

77. As such, the members of the Hearing Panel have an economic incentive to approve the motions of Defendants Garrett and Campbell, in order to avoid any regulatory scrutiny of their own law firms and licenses.

78. Schuchardt has incurred damages as a result of Defendants' conduct in this case. Such damages include, without limitation, the following:

    a. Loss of hundreds of hours of productivity, responding to Garrett's frivolous pleadings.

    b. Loss of hundreds of thousands of dollars of legal fees and income, due to Garrett's frivolous and meritless pleadings and her attacks on Schuchardt's reputation.

    c. Damage to Schuchardt's reputation.

    d. Interference with Schuchardt's license to practice law.

79. Pursuant to the Declaratory Judgment Act, this Court has authority to issue a declaratory judgment finding that Defendants' conduct violates the 14th Amendment of the United States constitution, as a violation of due process and Tennessee state law. 28 U.S.C. §§ 2201-2202 (2022).

WHEREFORE, Schuchardt respectfully requests that this Honorable Court enter an order (a) finding that Defendants have violated Tennessee state law and the due process clause of the 14th Amendment in their case against Schuchardt, and (b) enjoining Defendants from taking any further action against Schuchardt's license to practice law in the state of Tennessee.

## COUNT III

### SUPPRESSION OF EVIDENCE

### Injunctive Relief

80. The Plaintiff incorporates the foregoing allegations as though fully set forth herein.

81. State employees Garrett and Campbell have filed pleadings contending that Schuchardt "falsely reported" to the Board that Dustin Welsh was a witness at a conservatorship hearing held on November 9, 2020, in the Chancery Court for Anderson County, Tennessee.

82. Schuchardt attended the hearing on November 9, 2020, and has a memory of Dustin Welsh being present at the hearing.

83. Defendants Garrett and Campbell have fabricated evidence regarding the whereabouts of Dustin Welsh on November 9, 2020.

84. There is an appearance that Defendants Garrett and Campbell are using their regulatory authority over the members of Schuchardt's hearing panel to conceal their fabrication of evidence.

85. The hearing panel has entered orders preventing Schuchardt from obtaining material information regarding the whereabouts of Dustin Welsh on November 9, 2020. Specifically, the Hearing Panel has entered orders:

> a. Prohibiting Schuchardt from taking depositions of witnesses having knowledge of the whereabouts of Dustin Welsh on November 9, 2020.
>
> b. Prohibiting Schuchardt obtaining documents relating to the whereabouts of Dustin Welsh on November 9, 2020.
>
> c. Prohibiting Schuchardt from calling witnesses in connection with the whereabouts of Dustin Welsh on November 9, 2020.
>
> d. Prohibiting Schuchardt from testifying in connection with the whereabouts of Dustin Welsh on November 9, 2020.

e. Granting judgment for the State on this issue, without taking any evidence on the issue whatsoever.

86. As of this date, the Hearing Panel has entered orders preventing Schuchardt from obtaining the following evidence in connection with this matter:

a. Prohibited Schuchardt from taking the deposition of Dustin Welsh -- the witness himself.

b. Prohibited Schuchardt from taking the deposition of Dustin Welsh's brother, concerning the whereabouts of Dustin Welsh on the day of the hearing.

c. Prohibited Schuchardt from taking the deposition of Benjamin Downs, the Principal at Dustin Welsh's school, concerning the whereabouts of Dustin Welsh on the day of the hearing.

d. Prohibited Schuchardt from taking the deposition of Andrew Alberts, the special education teacher for Dustin Welsh at the Anderson County High School, concerning the whereabouts of Dustin Welsh on the day of the hearing.

e. Prohibited Schuchardt from taking the deposition of Denise Fox, the special education teacher for Dustin Welsh at the Anderson County High School, concerning the whereabouts of Dustin Welsh on the day of the hearing.

f. Prohibited Schuchardt from taking the deposition of Lauren Duren, the school counselor for Dustin Welsh at the Anderson County High School, concerning the whereabouts of Dustin Welsh on the day of the hearing.

g. Prohibited Schuchardt from taking the deposition of Mandy Davis, the director of Parent Place in Knoxville, Tennessee, concerning the whereabouts of Dustin Welsh on the day of the hearing.

h. Prohibited Schuchardt from taking the deposition of any other person in the case, effectively denying Schuchardt discovery in the case.

87. After Schuchardt sought such evidence through the Knox County Circuit Court, the Hearing Panel entered an order recommending that Schuchardt be immediately suspended from practicing law in the State of Tennessee.

88. There is an appearance that the hearing panel has entered these orders because the members of the panel are subject to economic and regulatory pressure from Defendants. All three panel members are subject to Defendant Garrett's regulatory authority, as Tennessee-licensed attorneys.

89. As such, the members of the Hearing Panel have an economic incentive to approve the motions of Defendants Garrett and Campbell, in order to avoid any regulatory scrutiny of their own law firms and licenses.

90. According to the holding of *Brady v. Maryland*, 83 S.Ct. 1194 (1963), suppression of material evidence in this case by the State of Tennessee is a *per se* violation of due process, warranting dismissal of the state's case against Schuchardt.

91. Schuchardt has incurred damages as a result of Defendants' conduct in this case. Such damages include, without limitation, the following:

    a. Loss of hundreds of hours of productivity, responding to Garrett's frivolous pleadings.

    b. Loss of hundreds of thousands of dollars of legal fees and income, due to Garrett's frivolous and meritless pleadings and her attacks on Schuchardt's reputation.

    c. Damage to Schuchardt's reputation.

    d. Interference with Schuchardt's license to practice law.

92. Pursuant to the Declaratory Judgment Act, this Court has authority to issue a declaratory judgment finding that Defendants' conduct violates the 14th Amendment of the United States constitution, as a violation of due process and Tennessee state law. 28 U.S.C. §§ 2201-2202 (2022).

WHEREFORE, Schuchardt respectfully requests that this Honorable Court enter an order (a) finding that Defendants have violated Tennessee state law and the due process clause of the 14th Amendment in their case against Schuchardt, and (b) enjoining Defendants from taking any further action against Schuchardt's license to practice law in the state of Tennessee.

## COUNT IV

## DECLARATORY JUDGMENT

## 28 U.S.C. §§ 2201-2202

93. The Plaintiff incorporates the foregoing allegations as though fully set forth herein.

94. Pursuant to the Declaratory Judgment Act, this Court has authority to issue a declaratory judgment on any controversy between the parties within the Court's jurisdiction. 28 U.S.C. §§ 2201-2202 (2022).

95. The Plaintiff respectfully requests that the Court enter an order finding that the structure of the Tennessee Board of Professional Responsibility is unconstitutional, and does not comply with the due process clause of the 14th Amendment.

96. Under the existing system, neither the Board nor the members of the Hearing Panels are neutral decision-makers. A majority of the Board and all of the panel members are attorneys subject to the economic and regulatory control of state employees Garrett and Campbell.

97. There is an appearance that Defendants Garrett and Campbell are using these conflicts of interest to commit -- and conceal -- intentional torts, in violation of Tennessee state law.

98. Such intentional torts include an abuse of civil process and the fabrication of evidence in Schuchardt's case. Specifically, the Hearing Panel has entered orders:

    a. Prohibiting Schuchardt from taking depositions of witnesses having knowledge of the whereabouts of Dustin Welsh on November 9, 2020.

    b. Prohibiting Schuchardt obtaining documents relating to the whereabouts of Dustin Welsh on November 9, 2020.

    c. Prohibiting Schuchardt from calling witnesses in connection with the whereabouts of Dustin Welsh on November 9, 2020.

    d. Prohibiting Schuchardt from testifying in connection with the whereabouts of Dustin Welsh on November 9, 2020.

    e. Granting judgment for the State on this issue, without taking any evidence on the issue whatsoever.

99. As a result of these orders, Schuchardt has not been able to challenge Defendants' version of the facts.

100. Clearly, the present system does not work. The conflicts of interest in the existing system could easily be used to target racial and ethnic minorities. It is time to upgrade Tennessee's law, to protect future generations.

WHEREFORE, the Plaintiff, Elliott J. Schuchardt, respectfully requests that this Honorable Court enter a declaratory judgment (a) finding that the structure of the Tennessee Board of Professional Responsibility does not comply with the due process clause of the 14th Amendment of the United States Constitution, and (b) requiring that a majority of the members of the Board and the Hearing Panels under such system be non-lawyers appointed by non-judicial branches of the Tennessee government.

Respectfully submitted,

Dated: Sept. 29 2022

By: *[signature]*
Elliott J. Schuchardt
BPR No. 027016

SCHUCHARDT LAW FIRM
8033 Ellisville Lane
Knoxville, TN 37909
Phone: (865) 304-4374
E-mail: elliott016@gmail.com