IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ELLIOTT J. SCHUCHARDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00762 |
| ) | Judge Richardson/Frensley |
| STATE OF TENNESSEE, et al., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

## I. INTRODUCTION AND BACKGROUND

**A. Background**

Plaintiff Elliott J. Schuchardt, a Tennessee attorney, brought this pro se action against the State of Tennessee ("the State"), the Tennessee Board of Professional Responsibility ("the Board"), and Board staff attorneys Sandra Garrett and Andrew B. Campbell (collectively, "Defendants") alleging the commission of various torts related to the handling of disciplinary actions that were brought against him. Docket No. 1. As relief, the Complaint requests:

> [A] declaratory judgment (a) finding that the structure of the Tennessee Board of Professional Responsibility does not comply with the due process clause of the 14th Amendment of the United States Constitution, and (b) requiring that a majority of the members of the Board and the Hearing Panels under such system be non-lawyers appointed by non-judicial branches of the Tennessee government.

*Id.* at 19.

This matter is now before the Court upon Defendants' Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 7. Defendants have also filed a Supporting Memorandum and other supporting documents. Docket Nos. 7-1 through 7-15. Defendants argue that the State and the Board are immune from suit under the Eleventh Amendment to the United States Constitution and that no exception to immunity applies. Docket No. 7-1. Defendants further argue that the disciplinary actions against Mr. Schuchardt constitute ongoing state proceedings in which constitutional claims can be raised, such that the Court should abstain from review of the merits of this case under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Id.* Defendants maintain that the Complaint should thus be dismissed in its entirety. *Id.*

Mr. Schuchardt has filed a Response in Opposition and a Memorandum in Support of Response in Opposition. Docket Nos. 11, 12. He asserts that he is a civil liberties activist who is being targeted by Ms. Garrett and the Board with unlawful political harassment in retaliation for his previous defense of a case relating to his former law firm. Docket No. 12, p. 16-21. He maintains that the disciplinary proceedings have been conducted unfairly in that the Board has not allowed the discovery he wishes to engage in, particularly depositions. *Id.* at 19-21. He also contends that Ms. Garrett and Mr. Campbell have fabricated evidence in a disciplinary proceeding against him and caused at least one attorney witness to change his testimony in the proceeding. *Id.* at 15-18.

Mr. Schuchardt argues that the Court should exercise jurisdiction in this matter under the exception to Eleventh Amendment immunity established in *Ex parte Young*, 209 U.S. 123 (1900), because "Schuchardt is seeking only *prospective injunctive relief* to address the problems in the Tennessee [attorney discipline] system and to prevent Defendants Garrett and Campbell

2

from continuing to abuse the system." Docket No. 12, p. 34 (emphasis in original). He asserts that *Younger* abstention is not appropriate in this case because Defendants have failed to establish the third element: "that Schuchardt will have an adequate opportunity to raise constitutional challenges in the underlying [disciplinary] proceedings." Docket No. 12, p. 23 (internal quotation marks and citation omitted). Mr. Schuchardt also contends that "Defendants Garrett and Campbell have asserted the qualified immunity defense" and that it is "proper for the Court to reject this argument" as well. *Id.* at 36.

Defendants have filed a Reply, arguing that "Mr. Schuchardt does not address Defendants' assertion of sovereign immunity as to the State of Tennessee and the Board of Professional Responsibility" and that "contrary to his assertions, the third prong of the test for abstention under *Younger v. Harris*, 401 U.S. 37 (1971) *is* present here, and dismissal of this entire case is proper under *Younger* notwithstanding *Ex parte Young*, 209 U.S. 123 (1908). Docket No. 14, p. 1 (emphasis in original).

For the reasons set forth below, the undersigned recommends that Defendants' Motion (Docket No. 7) be GRANTED and that Mr. Schuchardt's Complaint (Docket No. 1) be DISMISSED without prejudice.

B. **Factual Allegations**[1]

Plaintiff Elliott J. Schuchardt is a graduate of Columbia Law School and has practiced law for twenty-nine years. He has focused his practice on civil liberties work. Between 2017 and 2022, Mr. Schuchardt defended a case against two senior government officials in Knox County, Tennessee.

---

[1] The alleged facts included in this section are taken from the Complaint (Docket No. 1).

Defendant State of Tennessee ("the State") is a political subdivision of the United States of America, and Defendant Tennessee Board of Professional Responsibility ("the Board") is an agency of the State of Tennessee. Defendant Sandra Garrett is the senior staff attorney for the Board. Defendant Andrew B. Campbell is a staff attorney at the Board.

Mr. Schuchardt has been the subject of at least two proceedings before the Board, which has convened at least one hearing panel to investigate complaints brought against him.[2] The hearing panel has entered orders preventing Mr. Schuchardt from obtaining evidence he wished to present in the Board proceedings. The hearing panel has also entered an order recommending that Mr. Schuchardt be suspended from practicing law in Tennessee.

## II. LAW AND ANALYSIS

### A. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and

---

[2] Specifically, Mr. Schuchardt asserts that "[s]ince 2018, [Ms.] Garrett has filed five petitions against [Mr.] Schuchardt." Docket No. 1, p. 9.

4

plausibility' of 'entitlement to relief.'" *Id.*, quoting *Twombly*, 550 U.S. at 557 (internal brackets omitted).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). In contrast, the Court does not have to accept unsupported legal conclusions. *Iqbal*, 556 U.S. at 678.

The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. But a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted). Mere recitation of the elements of a cause of action or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do. *Iqbal*, 556 U.S. at 678; *citing Twombly*, 550 U.S. at 555. The court must "accept as true all non-conclusory allegations in the complaint . . . ." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

Pro se complaints are to be construed liberally. *Dotson v. Collins*, 317 F. App'x 439, 443 (6th Cir. 2008), *citing Haines v. Kerner*, 404 U.S. 519, 520 (1972). But "the less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts . . . ." *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008) (internal quotation marks and citation omitted).

B. **Eleventh Amendment Immunity**

  1. **Legal Standard**

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

5

> against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Supreme Court has interpreted the Eleventh Amendment and the related concept of sovereign immunity to also bar actions alleging violations of federal law by citizens against their own states in federal or state court. *See Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021), *citing Alden v. Maine*, 527 U.S. 706 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 131 U.S. 1 (1890). The Supreme Court has held that sovereign immunity bars suits brought by citizens against states in federal court for violations of state law. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984). Moreover, the Court has recognized that the "sovereign immunity" of the states is a concept "inherent" to the Constitution that is not limited by the language of the Eleventh Amendment. *See Alden*, 527 U.S. at 728-29.

"Such immunity also extends to departments and agencies that are arms of the state, as well as state officers acting in their official capacity." *Morgan v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, No. 22-5200, 2023 U.S. App. LEXIS 6577, at *7 (6th Cir. Mar. 20, 2023), *citing Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "This immunity bars suits 'for injunctive, declaratory or monetary relief.'" *Morgan*, 2023 U.S. App. LEXIS 6577, at *7, *quoting Thiokol Corp. v. Dep't of Treasury, State of Mich. Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).

There are two main exceptions to sovereign immunity. First, Congress may abrogate a state's sovereign immunity by passing appropriate legislation pursuant to Section 5 of the Fourteenth Amendment. *See Hoffman v. Connecticut Dep't of Income Maintenance*, 492 U.S. 96 (1989). Second, a state may waive its immunity from suit. *See Pennhurst*, 465 U.S. at 99-100.

If a state has not explicitly waived its sovereign immunity, federal courts can't assume that immunity has been waived unless there are "such overwhelming implications from the text [of a statute] as [to] leave no room for any other reasonable construction." *Edelman*, 415 U.S. at 673. *See also Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002).

In the Sixth Circuit, the entity or individual asserting Eleventh Amendment immunity has the burden to show that it is entitled to such immunity. *Nair v. Oakland Cnty. Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006).

### 2. Eleventh Amendment Immunity of the State and the Board

The State of Tennessee has not waived its Eleventh Amendment immunity. *See Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). Mr. Schuchardt does not allege, and it does not appear to the Court, that Congress has abrogated the State's immunity by statute. *See* Docket No. 12. Therefore, the State is immune from suit and the claims against it should be dismissed. Further, the Board is an arm of the State, and the State has not waived the Board's immunity, nor has Congress removed it. *Thiokol*, 987 F.2d at 381. Therefore, claims against the Board should be dismissed as well. The only remaining issue is whether suit can proceed against Ms. Garrett and Mr. Campbell.

### 3. Analysis of *Ex parte Young* Exception as to Defendants Garrett and Campbell

Notwithstanding the existence of Eleventh Amendment immunity, a court has subject-matter jurisdiction to hear a constitutional claim against an official acting under color of state law if the claim fits within the exception established by the Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908). This exception provides that "suits against state officials are not barred by the Eleventh Amendment" when a plaintiff sues for "prospective [injunctive] relief to end a

7

continuing violation of federal law." *Mich. Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 867 (6th Cir. 2000); *Diaz*, 703 F.3d at 964.

Under circumstances very similar to those of this case, the Sixth Circuit has recently addressed the issue of whether a claim against a state official falls under the *Ex parte Young* exception, stating:

> One prerequisite for the *Ex parte Young* exception to apply is that the claimant must **explicitly allege** that a state official acted in her official capacity. *See Long v. Tennessee*, 744 F. App'x 945, 946 (6th Cir. 2018) (noting that claimant's "failure to allege an official-capacity claim against a state official prevents him from availing himself of the *Ex parte Young* exception"); *City of Austin v. Paxton*, 943 F.3d 993, 1003 (5th Cir. 2019) ("[I]n order '[t]o fall within the *Ex parte Young* exception to sovereign immunity . . . a plaintiff must name individual state officials as defendants in their official capacities.'" (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013))). *Ex parte Young* is a limited exception to the state's sovereign immunity. *See Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). The Eleventh Amendment is an important protection for the states. A state's immunity, therefore, cannot be abrogated by the plaintiff's simply leaving the capacity of the state actor unsaid in the complaint, to be guessed by the court and defendant.

*Morgan*, 2023 U.S. App. LEXIS 6577, at *11-12 (emphasis added) (footnote omitted). The Court noted that in instances when "sovereign immunity under the Eleventh Amendment is implicated by injunctive relief sought against a state entity based on *Ex parte Young* . . . the claimant must explicitly allege that the claim is brought against a state official in her official capacity." *Id.* at *12, n.1.

Mr. Schuchardt's Complaint makes no mention of the capacity in which he sues Ms. Garrett or Mr. Campbell. *See* Docket No. 1. While it is true that in *Morgan*, the plaintiff affirmatively asserted that he brought suit against the government official[3] in her individual

---
[3] In fact, it was Ms. Garrett.

capacity, the Sixth Circuit clearly stated that "[i]n the absence of any explicit statement in the caption or body of the complaint that Garrett acted in her official capacity, the court lacks subject-matter jurisdiction to hear any claim for injunctive relief under *Ex parte Young*." *Id.* at *13. Mr. Schuchardt's Complaint contains no such explicit statement, leaving the capacity of Ms. Garrett and Mr. Campbell to be guessed at by the Court and Defendants. Therefore, the *Ex parte Young* exception does not provide the Court with jurisdiction to hear the claims against Ms. Garrett and Mr. Campbell. Those claims should thus be dismissed without prejudice as well.

Because the undersigned finds that all Defendants are immune from suit pursuant to the Eleventh Amendment, the Court will not address the Parties' other arguments as to the merits of the case or the Court's jurisdiction.[4]

### III. CONCLUSION

For the reasons set forth above, the undersigned recommends that Defendants' Motion (Docket No. 7) be GRANTED and that Mr. Schuchardt's Complaint (Docket No. 1) be DISMISSED without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report

---

[4] In particular, Defendants' argument that the Court should abstain from reviewing the merits of the case under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) belongs not to a motion to dismiss under Rule 12(b)(6), but rather to a motion to dismiss under Rule 12(b)(1). *See Doe v. Lee*, No. 3:21-809, 2022 WL 1164228, 2022 U.S. Dist. LEXIS 71576, at *8-9 (M.D. Tenn. Apr. 19, 2022).

and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**