IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ELLIOT J. SCHUCHARDT, | ) | |
| Plaintiff, | ) ) | |
| | ) | NO. 3:22-cv-00762 |
| v. | ) ) | JUDGE RICHARDSON |
| STATE OF TENNESSEE, et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER

Pending before the Court[1] is a Report and Recommendation of the Magistrate Judge (Doc. No. 22, "R&R"), wherein the Magistrate Judge recommends that Defendants' motion to dismiss (Doc. No. 7, "Motion") be granted and that the complaint (Doc. No. 1) be dismissed without prejudice because "all Defendants are immune from suit pursuant to the Eleventh Amendment." (Doc. No. 22 at 9).

Regarding the individual Defendants (Garrett and Campbell), the R&R notes that the complaint does not explicitly state whether Garrett and Campbell are defendants in their official or personal capacities. *Id.* "Therefore [according to the R&R], the *Ex parte Young* exception does not provide the Court with jurisdiction to hear the claims against Ms. Garrett and Mr. Campbell. Those claims should thus be dismissed without prejudice [under the Eleventh Amendment] as well." *Id.* The R&R treats Garrett and Campbell as not being sued in their official capacities for purposes of *Ex parte Young*, stating that *Ex parte Young* analysis is not even warranted because,

---

[1] References herein to "the Court" are references to the undersigned district judge (as opposed to the magistrate judge who filed the R&R).

as a threshold matter, *Ex parte Young* applies only to defendants sued in their official capacities. On the other hand, the R&R recommends that these claims be dismissed because the individual defendants are immune under the Eleventh Amendment. But only defendants sued in their official capacities enjoy immunity under the Eleventh Amendment. *Hardin v. Straub*, 954 F.2d 1193, 1200-1201 (6th Cir. 1992); *see Kentucky v. Graham*, 473 U.S. 159, 166-167 (1985). So, the R&R seemingly treats Defendants Garrett and Campbell as sued in their official capacities for purposes of the Eleventh Amendment, but not for purposes of *Ex parte Young*.

Defendants filed an objection to the R&R stating, "the Magistrate Judge should have addressed the issues of [Garrett and Campbell's] immunity and *Younger* abstention, rather than avoiding the issues because of a purported lack of clarity as to whether the suit was an individual or official capacity suit." (Doc. No. 23 at 4). The Court takes this to mean that Defendants believe the Magistrate Judge should have found that Plaintiff sues Defendants Garrett and Campbell in their official capacity and addressed whether *Ex parte Young* applies,[2] and if *Ex parte Young* had applied, addressed the issue of *Younger* abstention.[3]

---

[2] The Supreme Court announced, in *Ex parte Young*, 209 U.S. 123 (1908), an exception to Eleventh Amendment immunity for claims for injunctive relief against individual state officials in their official capacities. "In order to fall within the *Ex parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law." *Diaz v. Mich. Dep't of Corr.*, 703 F. 3d 956, 964 (6th Cir. 2013) (internal citations omitted). If *Ex parte Young* applies, the Eleventh Amendment does not protect the state official from suit (to the extent that it seeks injunctive relief), and a motion to dismiss claiming Eleventh Amendment immunity fails.

[3] *Younger* abstention, first articulated in *Younger v. Harris*, 401 U.S. 37 (1971), is a doctrine that holds that federal courts should abstain from cases when there are ongoing parallel proceedings in state court. "[A]bstention may occur when three criteria are met: (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." *Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017) (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432-34 (1982)).

The R&R cites *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 517 (6th Cir. 2023), for the proposition that "[o]ne prerequisite for the *Ex parte Young* exception to apply is that the claimant must explicitly allege that a state official acted in her official capacity . . . . A state's immunity, therefore, cannot be abrogated by the plaintiff's simply leaving the capacity of the state actor unsaid in the complaint, to be guessed by the court and defendant." (Doc. No. 22 at 8). As the R&R notes, however, *Morgan* was a case in which "[plaintiff's] complaint not only omitted mention of any claim against [defendant] in her official capacity—[plaintiff] affirmatively indicated that the sole basis on which she is being sued is in her individual capacity." *Morgan*, 63 F.4th at 517. Therefore, the Sixth Circuit in *Morgan* did not squarely decide that it is possible for a defendant to be sued in his or her official capacity for purposes of the Eleventh Amendment (which would afford immunity to a defendant sued in his or her official capacity, subject to the exception of *Ex parte Young*) while not being sued in his or her official capacity for purposes of *Ex parte Young*. And the cases cited by *Morgan* for its proposition that a plaintiff must explicitly state they are suing an official in his or her official capacity in order to render applicable *Ex parte Young*—*Long v. Tennessee*, 744 F. App'x 945, 946 (6th Cir. 2018) and *City of Austin v. Paxton*, 943 F.3d 993, 1003 (5th Cir. 2019)—were cases in which no individual defendant was named at all. It appears, therefore, that the Sixth Circuit has held at most that *Ex parte Young* is inapplicable when no individual defendant is named, or when the plaintiff affirmatively notes that the individual defendant(s) are sued in their personal capacity only.

The upshot is that the undersigned district judge concludes that to make the dual determination of whether he should find (as recommended in the R&R) both that the Eleventh Amendment applies and that *Ex parte Young* does not apply, he would benefit from revisions to the R&R. That is, he concludes that matter should be remanded to the Magistrate Judge, pursuant

to 28 U.S.C. § 636(b)(1)(C), to issue revisions to the R&R (or, alternatively, vacate the prior R&R and issue a revised R&R) that encompasses (among anything else the Magistrate Judge wishes to include) the substance contemplated in the following paragraph.

Specifically, on remand the Magistrate Judge is directed to make an affirmative recommendation as to whether Defendants Garrett and Campbell shall be deemed sued in their official or personal capacities (or both), and if they are sued in their official capacities, whether (for reasons other than those Defendants not being explicitly stated as sued in their official capacities), *Ex parte Young* applies. If the Magistrate Judge (i) reaches the issue of whether *Ex parte Young* applies and recommends finding that *Ex parte Young* does apply, and/or (ii) recommends finding that Defendants are being sued in the personal capacities, the Magistrate Judge is directed to make a recommendation as to whether *Younger* abstention applies.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE