IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ELLIOTT J. SCHUCHARDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00762 |
| ) | Judge Richardson/Frensley |
| STATE OF TENNESSEE, et al., ) | |
| ) | |
| Defendants. ) | |

## I. INTRODUCTION

Plaintiff Elliott J. Schuchardt, a Tennessee attorney, brought this pro se action against the State of Tennessee ("the State"), the Tennessee Board of Professional Responsibility ("the Board"), and Board attorneys Sandra Garrett and Andrew B. Campbell (collectively, "Defendants") alleging the commission of various torts related to the handling of disciplinary actions that were brought against him. Docket No. 1. He seeks "preliminary and permanent injunctions preventing Defendants Garrett and Campbell from taking any further action against [his] license to practice law" and "a declaratory judgment finding that the Tennessee Rules of Disciplinary enforcement are unconstitutional" because, as attorneys, "a majority of the persons serving on the Board and all of the persons serving on each hearing panel are subject to Defendants' regulatory authority." Docket No. 12, p. 22.

This matter is now before the Court upon Mr. Schuchardt's Motion for Leave to Amend Complaint, which also comprises his Supporting Memorandum. Docket No. 31. Mr. Schuchardt has also filed his proposed Amended Complaint. Docket No. 31-1. Defendants have not

responded to the Motion. For the reasons set forth below, Mr. Schuchardt's Motion (Docket No. 31) is GRANTED.

## II. LAW AND ANALYSIS

### A. Local Rule 7.01

Local Rule 7.01 states, in pertinent part:

> **(3) Response.** Except for motions for reconsideration (to which no response shall be filed unless ordered by the Court), any party opposing a motion must serve and file a memorandum of law in response, and, if necessary to support assertions of fact, affidavits and depositions, not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after service of the motion, unless otherwise ordered by the Court. If a timely response is not filed, the motion shall be deemed to be unopposed, except for motions to reconsider, for which no response shall be permitted unless ordered by the Court.

L.R. 7.01(a)(3).

Mr. Schuchardt filed his Motion on June 5, 2023, which is more than 14 days ago. Docket No. 31. Defendants have not responded to the Motion. Therefore, the Court will deem the Motion to be unopposed.

### A. Motions to Amend Under Rules 15 and 16

There are two potential standards to consider when determining whether to grant a motion to amend. Rule 16 requires the judge to issue a scheduling order and provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The purpose of this requirement is "to ensure that at some point both the parties and the pleadings will be fixed." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003), *quoting* Fed. R. Civ. P. 16, 1983 advisory committee's notes (internal quotation marks omitted). In contrast, Rule 15 contains a liberal standard instructing that courts should freely give leave to

amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision of which standard to apply depends on the timing of the motion. "Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909.

The Court has already modified the scheduling order to set the deadline for Plaintiff to amend his Complaint as June 8, 2023. Docket No. 29. As previously noted, Mr. Schuchardt filed his Motion on June 5, 2023. Docket No. 31. Because Mr. Schuchardt met the Court's deadline, the Court need not address the Rule 16 standard and the Motion will be evaluated under the standard set forth in Rule 15 and its related caselaw.

Rule 15 provides, in relevant part:

> **(a) Amendments Before Trial.**
>
> > **(1)** *Amending as a matter of course.* A party may amend its pleading once as a matter of course within:
> >
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . .
> >
> > **(2)** *Other amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Under Rule 15, a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But, leave to amend should be denied if the Court finds factors such as:

3

Case 3:22-cv-00762   Document 34   Filed 07/20/23   Page 3 of 5 PageID #: 464

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendments." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1995). "Thus, leave should be given unless there is a showing of undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the non-moving party, or futility of the proposed amendment." *Dyer v. Wiregrass Hospice, L.L.C.*, 532 F. Supp. 2d 933, 935 (M.D. Tenn. 2008), *citing Foman*, 371 U.S. at 182.

**B. <u>Mr. Schuchardt's Motion for Leave to Amend</u>**

Mr. Schuchardt contends that there are several grounds on which the Court should allow his proposed amendments. Docket No. 31. Among other reasons cited, Mr. Schuchardt states that he seeks to amend to clarify that he is suing Ms. Garrett and Mr. Campbell "both individually and as employees of Tennessee"; to add allegations based on newly discovered information; and to seek relief on constitutional grounds based on the fact that "since filing this case, the Supreme Court of Tennessee has refused to give [Mr.] Schuchardt a hearing on Defendants' *ex parte* petition attacking [Mr.] Schuchardt's license to practice law." *Id.* at 2. Mr. Schuchardt also notes that the case is still at an early stage, with discovery yet to take place. *Id.*

As previously noted, Defendants have not responded to the Motion; therefore, the Motion (including the relief requested) is unopposed. There has been no allegation of undue delay, bad faith or dilatory motive on the part of Mr. Schuchardt, no suggestion of undue prejudice to Defendants, and no claim that the proposed amendments would be futile. Based on this, as well as Mr. Schuchardt's arguments and a review of the proposed Amended Complaint, the Court finds that justice requires allowing the proposed amendments. Pursuant to the liberal standard of Rule 15, the Court will allow Mr. Schuchardt to amend his Complaint.

4

## III. CONCLUSION

For the foregoing reasons, Mr. Schuchardt's Motion (Docket No. 31) is GRANTED. The Clerk is directed to enter Docket No. 31-1 as the Amended Complaint. Defendants' Motion to dismiss the original Complaint (Docket No. 7) and its related Report and Recommendation (Docket No. 22) are terminated as moot.

IT IS SO ORDERED.

**Jeffery S. Frensley**
**United States Magistrate Judge**