IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ELLIOT J. SCHUCHARDT, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3: 22-cv-00762 |
| ) | Judge Richardson/Frensley |
| STATE OF TENNESSEE, et al., ) | Jury Demand |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on defendants' motion to dismiss the Second Amended Complaint for lack of subject matter jurisdiction and failure to state claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Docket No. 59. Plaintiff opposes the motion (Docket Nos. 62-63) and defendants have replied (Docket No. 67). After reviewing the record and the briefs, the undersigned recommends that defendants' motion be granted, and the Second Amended Complaint be dismissed for lack of subject matter jurisdiction.

### I. BACKGROUND

In his Second Amended Complaint, Plaintiff Elliott J. Schuchardt, a Tennessee attorney, brings suit against the State of Tennessee (State), the Tennessee Board of Professional Responsibility (Board), Sandra Garrett, Chief Disciplinary Counsel, and Andrew B. Campbell, Disciplinary Counsel. Schuchardt alleges defendants committed various torts against him related to the handling of disciplinary actions that were brought against him and others. He sues both Campbell and Garrett in their capacities "as … individual[s] and as … employee[s] of the Board." Docket No. 55, p. 1. He asserts jurisdiction under 28 U.S.C. 1331, 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C § 2201-2202. *Id*. at 2.

Schuchardt alleges the following in his convoluted 40-page Second Amended Complaint.

Between 2017 and 2022 he defended a case against two senior government officials in Knox County, Tennessee. Docket No. 55, p. 2. Garrett, using her position with the Board, harassed and retaliated against him for defending these cases by filing frivolous ethics charges against him, as well as a petition for the temporary suspension of his law license. Since 2018, Garrett has used her position with the Board to file dozens of baseless and frivolous claims against him and others and has used her position with the Board to deny him a hearing on virtually all of these claims. Schuchardt asserts Garrett has a history of engaging in abusive conduct. He asserts Garrett's *modus operandi* in these cases is to fabricate a frivolous violation against the respondent attorney in order to damage the attorney's reputation and license to practice law. He contends Garrett files these claims in order to generate revenue payable to the Board and to pay the Board's own salaries. Docket No. 55, pp. 2-6.

Schuchardt alleges he has been the subject of at least two proceedings before the Board which has convened at least one hearing panel to investigate complaints brought against him. The hearing panel has entered orders preventing him from obtaining evidence he wished to present in the Board proceedings and has entered an order recommending that he be suspended from practicing law in Tennessee. Docket No. 55, p. 25-26.

Schuchardt further alleges defendants are using conflicts of interest in the Tennessee ethics system to perpetrate and cover up their intentional torts. He alleges that under Tennessee law, ethics cases are decided by a panel consisting of three lawyers, who are selected with the assistance of Garrett and subject to her authority. This allows Garrett de facto immunity to the panel members in future ethics cases, and as a result, panel members have a pecuniary interest in the outcome of cases. He alleges that Tennessee does not have legal and governmental structures in place to ensure compliance with due process in this case and that Tennessee is the only state in the United States

that allows its supreme court to appoint its attorney general. He thus alleges there is no separation of powers between two branches of government that would normally check each other's behavior. Unlike all other 49 states, Tennessee's attorney general has no incentive to regulate defendants' conduct. Docket No. 55, pp. 10-12.

Schuchardt further alleges the State of Tennessee does not provide a neutral decision maker in attorney ethics cases and that there is no credible method for filing ethics complaints against State counsel. *Id.* at 10, 13. He alleges Campbell assists Garrett in the harassment campaign by knowingly filing false claims against him. *Id.* at 10-12, 13, 16.

Schuchardt maintains the disciplinary proceedings against him have been conducted unfairly in that the Board has not allowed him the discovery he wishes to engage in, specifically depositions. He asserts Garrett and Campbell fabricated evidence in a disciplinary proceeding against him, in the form of a false affidavit and altered video tape and caused at least one attorney to change his testimony in the proceeding. Schuchardt asserts Garrett and Campbell concealed their fabrication of evidence by obtaining orders preventing him from performing discovery and sanctioning him. He claims Garrett and Campbell can perform these acts because the members of the Hearing Panels and the Board are susceptible to coercion by them because the members are attorneys. He claims he has been unable to obtain a hearing regarding his temporary suspension. Schuchardt also contests the Tennessee Supreme Court's rules governing the payment of certain costs of disciplinary proceedings and the procedure for reviewing the complaints he filed with the Board against Garrett and Campbell. *Id.* at 19-20.

Schuchardt seeks declaratory and injunctive relief and damages. He seeks an order finding that defendants have violated Tennessee state law and his rights under the First Amendment and the due process clause of the 14th Amendment in their case against him; enjoining defendants from

taking any further action against him or his license to practice law in Tennessee or any other state; and enjoining defendants from enforcing any orders obtained by the Board against him or preventing him from practicing law in Tennessee. He seeks an order finding that the Tennessee Supreme Court's rules concerning the structure of the Board, the review of complaints against disciplinary counsel, and the payment of certain costs related to disciplinary proceedings are unconstitutional. Finally, he seeks monetary damages from Garrett and Campbell.

In their motion to dismiss, defendants argue the State and the Board are immune from suit under the Eleventh Amendment. Docket No. 59, pp. 9-11. They argue the Court should abstain from a merits review of the case under *Younger v. Harris*, 401 U.S. 37 (1971), because the Board's disciplinary actions against Schuchardt are ongoing state proceedings in which Schuchardt's constitutional claims can be raised. *Id*. at 11-14. They contend Schuchardt's claim for monetary damages against individual defendants Garrett and Campbell are barred by quasi-judicial immunity. *Id.* at 14-20. Finally, they contend Schuchardt's allegations are baseless, and the Hearing Panel's decision is supported by independent grounds. *Id.* at 20-21.

Schuchardt opposes the motion, reiterating the allegations in the Complaint. Docket No. 63. He argues this court has jurisdiction to correct deficiencies in Tennessee law, citing 42 U.S.C. 1983. He contends the Court should exercise jurisdiction under the exception to Eleventh Amendment immunity established in *Ex parte Young*, 209 U.S. 123 (1908), because he is seeking only prospective injunctive relief to address the problems in the Tennessee attorney discipline system and to prevent Garrett and Campbell from continuing to abuse the system. He argues that under *Ex parte Young*, the Eleventh Amendment does not bar suit against a state official in federal court which seeks only prospective injunctive relief for violations of federal law, even if the state is immune. Docket No. 63, pp. 14-15.

4

Schuchardt asserts that abstention under *Younger* is not appropriate because defendants have failed to establish the third prong, i.e., that he will have an adequate opportunity to raise constitutional challenges in the underlying disciplinary proceedings. *Id*. at 20-21. He asserts the court should reject the individual defendants' qualified immunity defense because they are acting outside the scope of their employment and in a nonjudicial manner. *Id.* at 20.

Defendants replied. They note Schuchardt failed to address their argument concerning sovereign immunity as to the State and Board. They argue the third component of *Younger* is present, and that dismissal of the Complaint is proper notwithstanding *Ex parte Young.* Docket No. 67, p. 1.

The undersigned agrees with defendants that dismissal is proper. For the reasons set forth below, the undersigned recommends that defendants' motion to dismiss (Docket No. 59) be granted and that the Second Amended Complaint (Docket No. 55) be dismissed with prejudice.

## II. DISCUSSION

When ruling on a motion to dismiss under Rule 12(b)(6), the court construes the record in the light most favorable to the non-moving party and accepts all well-pleaded factual allegations as true. *See Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 274 (6th Cir. 2010). While a complaint will survive a motion to dismiss if it contains "either direct or inferential allegations respecting all material elements" necessary for recovery under a viable legal theory, this court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id*. at 275-76 (citation and quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions...." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc*., 683 F.3d 239, 246-47 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Rather, '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Id*. at 247 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

### A. Eleventh Amendment Immunity

Before considering a suit against a state, a federal court must determine whether the Eleventh Amendment bars jurisdiction. That constitutional provision reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment grants sovereign immunity to the states in most cases, which prevents federal courts from having jurisdiction in lawsuits brought by private plaintiffs where the state is a defendant. *See Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532, 211 L. Ed. 2d 316 (2021) (citing *Alden v. Maine*, 527 U.S. 706, 713, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999)). Such immunity also extends to departments and agencies that are arms of the state, as well as state officers acting in their official capacity. *See Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978) (the Eleventh Amendment bars suits against departments that are arms of the states); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (construing suits against a state official in his or her official capacity as a suit against the official's office). This immunity bars suits "for injunctive, declaratory or monetary relief." *Thiokol Corp. v. Dep't of Treasury, State of Mich. Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).

However, courts maintain jurisdiction under certain circumstances despite sovereign immunity. States may waive their immunity or Congress may remove it by statute. *Id.* Also, a

court has subject-matter jurisdiction to hear a constitutional claim against an official acting under color of state law if the claim fits within the exception of *Ex parte Young*. Under *Ex parte Young*, "suits against state officials seeking equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment." *Mich. Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 867 (6th Cir. 2000) (citing *Ex parte Young*, 209 U.S. at 159-60). The doctrine applies only when the plaintiff sues for "prospective [injunctive] relief to end a continuing violation of federal law." *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013). If the complaint fails to "make clear what those ongoing violations are," the exception does not apply. *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017). Nor does the exception apply for injunctive relief "based entirely upon past acts and not continuing conduct that, if stopped would provide a remedy to" the plaintiff. *Gean v. Hattaway,* 330 F.3d 758, 776 (6th Cir. 2003).

Here, the State has not waived its Eleventh Amendment immunity. *See Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). Nor has Congress abrogated the State's immunity by statute. Therefore, the State is immune from suit and the claims against it should be dismissed.

Likewise, the Board is an arm of the State, and the State has not waived the Board's immunity, nor has Congress removed it. *See Thiokol,* 987 F.2d at 381. The Board is also an agent of the judicial branch, and therefore an arm of the State, and is entitled to Eleventh Amendment immunity from suit in federal court. *See e.g., Lawrence v. Chabot*, 182 F. App'x 442, 450 (6th Cir. 2006) (Michigan board of bar examiners); *Dubuc v. Michigan Bd. Of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003) (same). Therefore, dismissal is proper as to defendant State and Board, as well as all claims concerning Tennessee's system of bar regulation.

### B. *Ex parte Young* Exception

The issue remains as to whether suit can proceed against individual defendants Garrett and

7
Case 3:22-cv-00762   Document 68   Filed 05/17/24   Page 7 of 13 PageID #: 1464

Campbell. Under the doctrine of *Ex parte Young*, prospective relief against a state official in his official capacity to prevent future federal constitutional or federal statutory violations is not barred by the Eleventh Amendment. *Young* reasoned that a state official who violated federal law is stripped of his official or representative character and therefore did not act for the state, but as an individual. Because the Eleventh Amendment protects states and state entities, and not individuals, the claim for prospective relief is not barred by the Eleventh Amendment.

Under circumstances similar to the case at hand, the Sixth Circuit recently addressed the issue of whether a claim against a state official falls under the *Ex parte Young* exception:

> One prerequisite for the *Ex parte Young* exception to apply is that the claimant must explicitly allege that a state official acted in her official capacity. *See Long v. Tennessee*, 744 F. App'x 945, 946 (6th Cir. 2018) (noting that claimant's "failure to allege an official-capacity claim against a state official prevents him from availing himself of the *Ex parte Young* exception"); *City of Austin v. Paxton*, 943 F.3d 993, 1003 (5th Cir. 2019) ("[I]n order '[t]o fall within the *Ex parte Young* exception to sovereign immunity . . . a plaintiff must name individual state officials as defendants in their official capacities.'" (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013))). *Ex parte Young* is a limited exception to the state's sovereign immunity. *See Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). The Eleventh Amendment is an important protection for the states. A state's immunity, therefore, cannot be abrogated by the plaintiff's simply leaving the capacity of the state actor unsaid in the complaint, to be guessed by the court and defendant.

*Morgan v. Bd. of Prof'l Responsibility of the Supreme Court of Tennessee,* 63 F.4th 510, 514 (6th Cir. 2023).

In the jurisdictional statement of his Second Amended Complaint Schuchardt asserts that he is suing both Garrett and Campbell in their capacities "as … individual[s] and as … employee[s] of the Board." Docket No. 55, p. 1. Based on that language Garrett and Campbell are deemed sued in both their official and personal capacities. Schuchardt seeks declaratory and injunctive relief, as well as monetary damages against Garret and Campbell in a newly added § 1983 claim.

To determine whether a plaintiff has alleged a proper *Young* claim, this court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quotation omitted). Additionally, a plaintiff must name as defendant the state official responsible for enforcing the contested statute in his official capacity; a claim for prospective relief against the state itself or a state agency will be barred by the Eleventh Amendment. *See e.g., Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Declaratory relief is within the *Young* doctrine's reach, but only when there are ongoing or threatened violations of federal law. *See Green v. Mansour*, 474 U.S. 64, 73 (1985).

The undersigned concludes that *Ex parte Young* applies because Schuchardt has alleged an ongoing violation of federal law. The Second Amended Complaint can be plausibly read to extend to post-suspension conduct of the Board that Schuchardt pleads is an ongoing constitutional violation. Schuchardt alleges the defendants are using their state offices to knowingly interfere with his due process rights in violation of the Fourteenth Amendment and under color of state law. Docket No. 55, p. 3. He alleges the suits against him violate Tennessee state laws which make it unlawful to file lawsuits as an abuse of civil process. *Id.* Specifically, he alleges defendants are using their employment with the State to fabricate material evidence in his underlying ethics case and filing frivolous and intentionally false claims as an abuse of civil process. *Id.* at 2-3, 19-20. He alleges they are doing so to trade political favors and to boost revenues for their State office. *Id*. at 14. He alleges Garrett and Campbell's conduct is "ongoing." *Id.* at 20. He alleges Garrett and Campbell are continuing to violate federal law as part of their harassment campaign and cites a fifth petition filed against him even though he is no longer licensed to practice law in the Tennessee. *Id.* at 6-11. In sum, Schuchardt alleges that he is and will be harmed by Garrett and

Campbell's conduct.

On this record, and viewing the complaint in the light most favorable to the non-moving party, the undersigned concludes that the court has subject matter jurisdiction on the basis that Schuchardt has pleaded facts establishing a form of requested relief that is available under *Ex parte Young*.

### C. *Younger v. Harris* Abstention

The analysis does not end there, however. In *Younger v. Harris*, the Supreme Court held that principles of comity, equity and federalism require that federal courts generally abstain from exercising jurisdiction when asked to enjoin pending state criminal proceedings. 401 U.S. 37, 56 (1971).

In the civil context, abstention is an exception to the general rule that "federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). The *Younger* line of cases "counsels federal-court abstention when there is a pending state proceeding" of a certain type. *Moore v. Sims*, 442 U.S. 415, 423 (1979) (South Dakota temporary custody proceedings). The doctrine "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Id. Younger* involved state criminal proceedings, but abstention also applies to civil enforcement proceedings that are "akin to a criminal prosecution" in "important respects." *Sprint*, 571 U.S. at 79 (quoting *Huffman v. Pursue*, Ltd., 420 U.S. 592, 604 (1975)).

Under current *Younger* doctrine, under *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate

opportunity to raise any relevant federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *Danner v. Bd. of Prof'l Responsibility*, 277 F. App'x 575, 577-80 (6th Cir. 2008).

The *Middlesex* factors are met here. Both of Schuchardt's disciplinary proceedings, which include the temporary suspension of his law license, constitute ongoing state judicial proceedings for purposes of *Younger*. As to a state's interest, there "can be no serious question that the regulation and discipline of attorneys is an important state function." *Danner*, 277 F. App'x. at 579. Therefore, the second requirement under *Younger* is met. As to the third factor, Schuchardt will have the opportunity to raise any and all statutory and constitutional challenges he may have through the appellate procedures set forth in the Tennessee Supreme Court Rule 9 section 33. *Id.* at 579-80. Thus, all three of the criteria for *Younger* abstention are satisfied here.

Further, Schuchardt's prayer for declaratory relief does not preclude abstention. *See Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 723 (6th Cir. 2006). (applying *Middlesex* criteria and concluding *Younger* abstention applied in declaratory judgment action concerning ongoing attorney disciplinary proceedings).

To the extent Schuchardt is seeking prospective injunctive relief, the exception provided for in *Ex parte Young* does not preclude abstention under *Younger*. Normally, *Younger* abstention "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)). In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Supreme Court held that federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary. *Id.* at 719-21. Where damages are sought in addition to equitable relief, a federal court should stay the claim for damages pending final

resolution of the state litigation. *Night Clubs, Inc. v. City of Ft. Smith, Ark.,* 163 F.3d 475 (8th Cir. 1998). Dismissal of a claim for damages is appropriate only where the award of damages would first require a declaration that a state court action was unconstitutional. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100 (1981).

That is the case here. In his Second Amended Complaint, in addition to equitable relief, Schuchardt asserts a new claim for monetary damages against Garrett and Campbell. Docket No. 55, p. 35-39. They argue the claim for money damages is barred by quasi-judicial immunity. The undersigned agrees.

Because the Eleventh Amendment bars official-capacity claims for damages against state officials, Schuchardt's claim for damages against them in their official capacities is likewise barred. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As for Schuchardt's claim for damages against them personally, this claim is not barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).

However, Garrett and Campbell are entitled to absolute immunity on Schuchardt's claim for money damages against them in their official capacities. The conduct Schuchardt alleges violated his rights occurred while Garrett and Campbell were performing their official roles as Chief Disciplinary Counsel and Disciplinary Counsel, respectively, as members of the Board. Accordingly, Garrett and Campbell are entitled to absolute, quasi-judicial immunity from Schuchardt's damages claim against them personally. *See Mireles v. Waco*, 502 U.S. 9, 12-13 (1991) (per curiam); *Moncier v. Jones,* 557 F. App'x 407, 409-10 (6th Cir. 2014) (chief disciplinary counsel entitled to quasi-judicial immunity).

Schuchardt's remaining claims to the contrary concerning the alleged falsification of evidence and pattern of misconduct all lack merit despite two opportunities to amend his

Complaint. *Cf. Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (a federal district court may, at any time, sua sponte dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

For all of the above reasons, the undersigned recommends that the Second Amended Complaint be dismissed. In light of this ruling, the undersigned recommends defendants' motion to dismiss be granted.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss the Second Amended Complaint (Docket No. 59) be **GRANTED** and the claims against defendants be **DISMISSED WITH PREJUDICE.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**