UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ELLIOTT J. SCHUCHARDT, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | NO. 3:22-cv-00762 |
|  | ) | JUDGE RICHARDSON |
| STATE OF TENNESSEE, et al., | ) |  |
| Defendants. | ) |  |

## ORDER

Before the Court[1] is the Magistrate Judge's Report and Recommendation (Doc. No. 68, "R&R"), wherein the Magistrate Judge recommends granting Defendants' motion to dismiss (Doc. No. 59, "Motion to Dismiss") and dismissing the second amended complaint (Doc. No. 55, "SAC") with prejudice "for lack of subject matter jurisdiction." Plaintiff filed objections to the R&R (Doc. No. 69, "Objections"), to which Defendants responded (Doc. No. 70).[2] For the following reasons, Plaintiff's Objections are OVERRULED, the R&R is APPROVED IN PART AND MODIFIED (sua sponte) IN PART, the Motion to Dismiss is GRANTED, and this action is dismissed without prejudice.

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review de novo any portion of the report and recommendation to which

---

[1] Herein, "the Court" generally refers to the undersigned District Judge, as opposed to the Magistrate Judge who entered the R&R.

[2] Plaintiff also filed a reply and supplemental objections (Doc. Nos. 71, 72), which Defendants objected to in part as being improper filings (Doc. No. 73). In two subsequent notices (Doc. Nos. 74, 75), Plaintiff withdrew the reply and supplemental objections. Accordingly, the Court considers them withdrawn, and the Court has not considered any of the filings at Doc. Nos. 71–73 when issuing this Order.

a proper objection is made.³ Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "A general objection to a report and recommendation is insufficient to preserve an issue for appeal; instead, a party must 'explain and cite specific portions of the report' the party objects to." *Sallaz v. Comm'r of Soc. Sec.*, No. 23-3825, 2024 WL 2955645, at *7 (6th Cir. June 12, 2024) (quoting *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)). "The consequence of a failure to object to a specific portion of the report and recommendation is waiver of review of th[e] issue" raised by the objection. *Derring v. McKee*, No. 1:04-CV-796, 2006 WL 416255, at *1 (W.D. Mich. Feb. 22, 2006) (citing three different Sixth Circuit opinions, albeit with the pinpoint cite to the first cited case off by one page).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed de novo the Report and Recommendation, the Objections, and the file. For the reasons set forth below, the Objections of the Plaintiff are overruled, and the Report and Recommendation is approved.

## ANALYSIS

The Motion to Dismiss was grounded on Federal Rule of Civil Procedure 12(b)(1) and, alternatively, 12(b)(6). In the R&R, the Magistrate Judge recommended dismissal primarily on the basis of so-called *Younger* abstention, which, when applicable (due to the existence of a particular state proceeding), "requires the federal court to defer to the state proceeding" and therefore not

---

³ By contrast, the Court is *not* required to review (even if it has discretion to review), under a de novo standard or otherwise, any portion of the R&R to which an objection has *not* been made. Accordingly, the Court here forewent review various aspects of the R&R to which an objection could have been made but was not—for example, its recommendation that Garrett and Campbell be granted immunity (of multiple kinds).

exercise jurisdiction while the state proceeding is pending. *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). He also recommended dismissal of the claims for monetary damages against Defendants Garrett and Campbell in both their personal capacities and official capacities, based on their entitlement to immunity. (Doc. No. 68 at 12). More specifically, the Magistrate Judge referred explicitly to quasi-judicial immunity but also implicitly to Eleventh Amendment immunity, which is (generally) applicable to claims against state officials in their official capacity. *See Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 515 (6th Cir. 2023) ("[Eleventh Amendment] immunity also extends to departments and agencies that are arms of the state, as well as state officers acting in their official capacity."). Finally, as to certain claims against Garrett and Campbell—those based on alleged falsification of evidence and pattern of misconduct—he recommended dismissal apparently under Rule 12(b)(1) for lack of subject-matter jurisdiction on the grounds that those claims "'are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.'" (Doc. No. 68 at 12-13 (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).

Importantly, nowhere in the R&R did the Magistrate Judge the Court indicate that he was recommending dismissal under Rule 12(b)(6) he mentioned Rule 12(b)(6) by name only once, in a paragraph setting forth the legal standard assessing a complaint under Rule 12(b)(6). (*Id.* at 5-6). And when describing the basis for dismissal, he referred only to lack of subject matter jurisdiction, (*id.* at 1, 12-13), which is cause for dismissal under Rule 12(b)(1) rather than Rule 12(b)(6).

The Court has reviewed the case file and Magistrate Judge's analysis and conclusions in the R&R and finds nothing in either the case file or the R&R that would cause the Court to disagree with the Magistrate Judge's recommendations in the parts of the R&R implicated by Plaintiff's objections, except to the extent that he recommends that dismissal be *with* prejudice as opposed to *without* prejudice.

Plaintiff's Objections primarily involve a recitation of the facts of the case, which are prefaced with a few brief points of law and argument. Those brief instances of argument primarily consist of the following paragraphs that prefaced the litany of allegations:

> 3. The case cited by in the Magistrate's Report -- *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) -- indicates that the Court should exercise jurisdiction under the *Younger* doctrine if there is evidence of "bad faith, harassment, or **other extraordinary circumstances**" in the underlying forum. Id. (citing *Dombrowski v. Pfister*, 380 U. S. 479 (1965)) (emphasis added).
> 4. The Court should also exercise jurisdiction if "it plainly appears that [the state courts] would not afford adequate protection." *Younger v. Harris*, 401 U.S. 37 (1971), *quoting Fenner v. Boykin*, 271 U. S. 240, 271 U. S. 244 (1926).
> 5. Schuchardt respectfully submits that these tests have been met, based on the face of the record in the underlying state proceeding.

(Doc. No. 69 at 1).[4] A generous construction of these paragraphs is that Plaintiff objects to the Magistrate Judge's non-consideration of whether the current case presents an exception to the applicability of *Younger* abstention based on (1) the alleged existence of "other extraordinary circumstances" and (2) state courts allegedly "not afford[ing] adequate protection" of his constitutional rights. However, the Magistrate Judge can be faulted for failing to consider these "tests"—i.e., the exceptions to the applicability of *Younger* abstention referred to in paragraphs 3 and 4 above—only if they were adequately asserted before him. *Cf. Aaron v. O'Connor*, 914 F.3d 1010, 1020 (6th Cir. 2019) ("Given the lack of argument regarding the third exception to *Younger* abstention, the district court did not address its applicability in its opinion. . . . We conclude that the plaintiffs forfeited their argument regarding the third exception to *Younger* by failing to raise it in the court below"). As to the first argument, regarding the Magistrate Judge's non-consideration of

---

[4] Plaintiff here is referring first to *Middlesex County Ethics Commission*'s indication that even where *Younger* abstention otherwise would be appropriate, *Younger* abstention should be declined where there exist "extraordinary circumstance that would make abstention inappropriate[.]" 457 U.S. at 435. And he is referring next to *Younger*'s indication that even where *Younger* abstention otherwise would be appropriate, *Younger* abstention should (or at least may) be declined if "'it plainly appears that [abstention] would not afford adequate protection'" of the plaintiff's constitutional rights. *Younger*, 401 U.S. at 45 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-44).

whether this case presents "extraordinary circumstances," Plaintiff did not raise the "extraordinary circumstances" exception in his memorandum of law in opposition to the Motion to Dismiss (Doc. No. 63), failing to even cite *Middlesex County Ethics Commission* despite its significance being highlighted three times in Defendants' brief in support of the motion to dismiss (Doc. No. 59-1 at 11, 13).

Furthermore, even in Plaintiff's Objections, Plaintiff fails to provide any case law explaining how this "other extraordinary circumstances" exception interacts with *Middlesex County Ethic Commission*'s three-requirement test, applied by the Magistrate Judge, for the applicability of *Younger* abstention.[5] In particular, Plaintiff fails to explain what would constitute extraordinary circumstances such that *Younger* abstention should be declined even if all three requirements are satisfied, let alone show that such extraordinary circumstances exist in his case. Therefore, on de novo review of the contention that *Younger* abstention should be eschewed based on the alleged existence of "other extraordinary circumstances," the Court rejects the contention.

As to Plaintiff's second point of law, regarding "adequate protection," that line from *Younger* is built into the *Middlesex County Ethics Commission* test via its third requirement (that there is "an adequate opportunity in the state proceedings to raise constitutional challenges"). *See Middlesex Cnty. Ethics Comm*, 457 U.S. at 435. That is, the Supreme Court's view that *Younger* abstention should (or at least may) be declined if "it plainly appears that this course would not afford adequate protection" of the plaintiff's constitutional rights, *Younger*, 401 U.S. at 45 (internal quotation marks omitted), is fully accounted for in the third requirement. So if, as the Magistrate Judge found (without subsequent

---

[5]The Supreme Court indicated that *Younger* abstention is appropriate if each of three questions is answered in the affirmative: "*first*, do state bar disciplinary hearings within the constitutionally prescribed jurisdiction of the State Supreme Court constitute an ongoing state judicial proceeding; *second*, do the proceedings implicate important state interests; and *third*, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432.

objection from Plaintiff) that the third requirement is satisfied, then (contrary to Plaintiff's implication) there cannot be a lack of "adequate protection." In short, because Plaintiff has raised no specific objection to the Magistrate Judge's finding that the third *Middlesex County Ethics Commission* is satisfied, Plaintiff cannot succeed on this argument either.

In short, on de novo review of this aspects of the R&R to which Plaintiff objected, the Court approves the R&R, meaning that this action will be dismissed. However, the Court will not adopt the R&R insofar as it recommended that the dismissal be with prejudice, because the Sixth Circuit has explained that a dismissal based on *Younger* abstention is a dismissal *without* prejudice.

> Finally, the plaintiffs argue that even if *Younger* abstention applies, the district court erred by dismissing their claim with prejudice. Appellants Br. at 34. Here, the plaintiffs are correct. "A dismissal based on *Younger* is without prejudice." *Chalupowski*, 151 F. App'x, at 2 (citing *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 32 n.4 (1st Cir.), *cert. denied*, 543 U.S. 872, 125 S.Ct. 110, 160 L.Ed.2d 120 (2004) ). This is because "[a] dismissal with prejudice ordinarily operates as an adjudication on the merits," which is inconsistent with the court's *Younger*-based decision to abstain from hearing the case at all. *Caldwell v. Camp*, 594 F.2d 705, 708 (8th Cir. 1979). Neither we nor the district court have reached the merits of the plaintiffs' claims. Instead, our analysis focuses on the inappropriateness of our exercise of jurisdiction in this case based on the substance of the plaintiffs' claims and our relationship to the Ohio state courts. This federal-court dismissal therefore does not operate to bar the plaintiffs from again bringing the same claims.

*Aaron v. O'Connor*, 914 F.3d 1010, 1020–21 (6th Cir. 2019). As for the other bases of dismissal, all of them are for lack of subject-matter jurisdiction. First, a dismissal based on Eleventh Amendment immunity is a dismissal for lack of subject-matter jurisdiction. *Morgan*, 63 F.4th at 515 ("This amendment [the Eleventh] grants sovereign immunity to the states in most cases, which prevents federal courts from having jurisdiction in lawsuits brought by private plaintiffs where the state is a defendant.")

So is a dismissal based on quasi-judicial immunity, in the view of the undersigned.[6] *McGill v. Smith*, No. 1:05-CV-337, 2006 WL 8442315, at *8 (E.D. Tenn. Sept. 11, 2006) (stating that "[b]ecause [the defendant] has Eleventh Amendment immunity and quasi-judicial immunity, the Court lacks subject matter jurisdiction").[7] And, as noted, the Magistrate Judge's dismissal of particular, far-fetched claims against Garrett and Campbell were for lack of subject-matter jurisdiction.

The dismissal here thus should be without prejudice. "Dismissals of actions that do not reach the merits of a claim, *such as dismissals for lack of jurisdiction*, ordinarily are without prejudice." *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 298 (6th Cir. 2001) (emphasis added). True, "'[i]n rare circumstances, a district court may use its inherent power to dismiss with prejudice (as a sanction for misconduct) even a case over which it lacks jurisdiction, and its decision to do so is reviewed for abuse of discretion.'" *Id.* (quoting *Caribbean Broadcasting Sys., Ltd. v. Cable & Wireless PLC,* 148 F.3d 1080, 1091 (D.C.Cir.1998)). However, with the possible exception of the final basis for dismissal, none of the bases for dismissal here implicate misconduct. Accordingly, the Court concludes that the dismissal here should be without prejudice, and so the Magistrate Judge's recommended disposition of this case will be modified to this extent.

## CONCLUSION

For the reasons explained above, upon de novo review of those parts of the R&R to which Plaintiff objected, the Court agrees with the Magistrate Judge's recommendations. Accordingly, the

---

[6] Concededly, the undersigned's view is subject to reasonable debate. But in any event, a dismissal based on quasi-judicial immunity, even if not properly deemed one for lack of subject matter jurisdiction, is properly viewed as a dismissal without prejudice. *See Lyszkowski v. Gibbons*, 686 F. App'x 87, 91 (3d Cir. 2017) ("[B]ecause it appears that the District Court improperly applied the doctrine of quasi-judicial immunity to dismiss the claims against Silvestri with prejudice, we will modify the order of dismissal to reflect that these claims are dismissed without prejudice.") (footnote omitted).

[7] Having declared its lack of subject-matter jurisdiction, thus indicating unequivocally that dismissal was appropriate under Rule 12(b)(1), the court in *McGill* inexplicably stated that dismissal of the federal claims against the defendant was proper "under Fed. R. Civ. P. 12(b)(6)."

Objections (Doc. No. 69) are **OVERRULED**, the R&R (Doc. No. 68) is **APPROVED IN PART AND MODIFIED IN PART**, the Motion to Dismiss is **GRANTED**, and this action is dismissed without prejudice.

The Clerk is directed to enter judgment under Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE